UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
JOSEPH DANTE and GUSMORINO, HENRY : 13-CV-6297 (ARR) (JO)
and CAROLYN CUTTLER, BARRY and :
BONNIE LEFKOWITZ, DEBORA and : OPINION &ORDER
ANTHONY LOSITO, CHRISTINE CHU, SEAN :
AHEARN, VINCENT and MAUREEN HOBAN, :
LOUISA GYASI and AMO TWENEHOAH, :
SPENCER MEEKS and MICHELE PACKMAN, :
THOMAS and IRENE ANN HALLIGAN, DR. :
GALE WERNICK, THOMAS and PATRICIA :
and ANTHONY WERTHER, ANTHONY and :
MAGNA AULETTA, BARRY and SUSAN :
ERBER, DUNCAN and MAUREEN FRASER, :
THAKUR BALDEO, MARLYN RAMIREZ and :
HYACINTH LOPEZ and PERCIVAL VERA, :
DUNCAN A. III and MARGARET GLENDA :
FRASER, ISRAEL and MARIA HERNANDEZ, :
GEORGE and CONCETTA CARTER, JOAN :
MURPHY, AGNES FETTER, ALBERT :
LOYOLA, MAUREEN E WALTHERS, ISMET :
APDIROGLU, JOSEPHINE AGUOJI, ROBERT :
and DONNA BADAMO, JOSEPHINE LITTLE, :
LUCILLE and LOUIS IODICE, PETER and :
ELCY NAAS, GERARD RYAN, JOHN and :
TERESA MORAN, KATHLEEN FUGELSANG, :
GEORGE and PATRICIA JOHNSON, :
OLAYEMI BRYAN, RICHARD and KRISTINA :
ONEILL, and GEORGE and DANIELA GRECO, :
NANCY SEARS SHIPMAN, JOHN KEATING, :
THOMAS M. TIROTTA and DEIDRE :
CALIMANO, KEVIN N. and JEANE M. :
MURPHY, IFEDOLA O. OLOWE, JAMES and :
ROSANNE CAVANAUGH, :
::
Plaintiffs, :
:
-against- :
:
THE NATIONAL FLOOD INSURANCE PROGRAM, W. :
CRAIG FUGATE in his official capacity as Administrator of :
the Federal Emergency Management Agency, JANET :
NAPOLITANO in her official capacity as Secretary of the :
United States Department of Homeland Security, :
:
Defendants. :
:
------------------------------------------------------------------------ X

ROSS, United States District Judge:

Forty-two sets of plaintiffs with forty-two different flood insurance policies filed this suit against the National Flood Insurance Program, W. Craig Fugate in his official capacity as Administrator of the Federal Emergency Management Agency, and Janet Napolitano in her official capacity as Secretary of the United States Department of Homeland Security (collectively, "FEMA"). Plaintiffs sue for breach of contract based on FEMA's denial of their flood insurance claims for property damage caused by Hurricane Sandy. For the reasons stated below, all plaintiffs except Joseph Dante and Gusmorino are dismissed from this suit.

## BACKGROUND

Each set of plaintiffs owns real property within the Eastern District of New York and holds a flood insurance policy issued under the National Flood Insurance Program, which is administered by FEMA.[1] The plaintiffs each allege damage to their property caused by Hurricane Sandy's landfall on or about October 29, 2012. They have paid all of the premiums on their policies when due. After the storm, they documented and reported the damage to their properties and submitted claims to FEMA. Other than stating that each set of plaintiffs has a "Standard Flood Insurance Policy," plaintiffs do not allege that their forty-two different policies are identical or contain the same terms.[2] They do not allege that their damaged properties were of similar value or in similar condition prior to Hurricane Sandy. Other than alleging that they suffered expensive flood damage to their insured properties and their personal property contained therein, they do not allege that their properties suffered identical damage, nor do they allege that

---

[1] For purposes of this order, the Court accepts as true all of the allegations in plaintiffs' complaint.
[2] Although the court does not consider this fact in the instant decision, it notes that, according to FEMA's website, there are three different types of Standard Flood Insurance Policy forms available with difference coverage terms. FEMA, Standard Flood Insurance Policy Forms, http://www.fema.gov/national-flood-insurance-program/standard-flood-insurance-policy-forms (last visited Nov. 21, 2013). Plaintiffs do not identify which type of policy they have or even whether they all have the same type of policy.

their claims were handled by the same adjustor. Other than stating that FEMA "wrongfully" denied their claims, plaintiffs do not explain what reason FEMA gave for their denial or whether the same reasons were given to all plaintiffs. What is more, plaintiffs' properties are located across three different counties within the Eastern District.

On November 13, 2013, plaintiffs filed their complaint alleging that FEMA is liable for their property damage, has breached their contracts, and has acted in bad faith by denying their claims. Plaintiffs insist that they are properly joined as claimants pursuant to Rule 20(a) of the Federal Rules of Civil Procedure "because they present similar claims against a common Defendant and involve questions of fact or law that are common to all plaintiffs." Compl. ¶ 5.

**DISCUSSION**

Rule 21 of the Federal Rules of Civil Procedure, which addresses the misjoinder of parties, provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Although Rule 21 does not specify the grounds for misjoinder, courts commonly hold that "parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." Fong v. Rego Park Nursing Home, No. 95 Civ. 4445 (SJ), 1996 WL 468660, at *2 (E.D.N.Y. Aug. 7, 1996); see also Tardd v. Brookhaven Nat'l Lab., No. 04 CV 3262(ADS), 2007 WL 1423642, at *9 (E.D.N.Y. May 8, 2007).

For proper joinder of plaintiffs under Rule 20(a), the two preconditions that plaintiffs must establish are (1) that the right to relief asserted by the plaintiffs is "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) that there is a "question of law or fact common to all plaintiffs." Fed. R. Civ. P. 20(a)(1). "Whether

3

claims by multiple plaintiffs arise out of the same transaction, occurrence, or series of transactions or occurrences must be determined on a case by case basis." Abraham v. Am. Home Mortg. Servicing, Inc., No. 12-cv-4686 (WFK)(JMA), ---F. Supp. 2d---, 2013 WL 2285205, at *3 (May 23, 2013) (internal quotation marks omitted). In applying the "same transaction or occurrence" test, courts often look for guidance to the use of the same language in Rule 13(a), which addresses compulsory counterclaims. See, e.g., Kalie v. Bank of Am. Corp., No. 12 Civ. 9192 (PAE), ---F.R.D.---, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013); Abraham, 2013 WL 2285205, at *3. In the Rule 13(a) context, courts in the Second Circuit apply the "logical relationship" test, which looks to "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Kalie, 2013 WL 4044951, at *3 (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)).

      A series of decisions from the Eastern District of Louisiana and the Southern District of Mississippi denying the joinder of plaintiffs in analogous insurance suits related to property damage caused by Hurricane Katrina is instructive. The courts in those cases held that the fact that a single natural disaster, Hurricane Katrina, caused the damage to plaintiffs' properties did not make them part of the same transaction or occurrence under Rule 20(a) because "[t]he claims involve entirely different factual and legal issues, including each property's respective condition and location before the storm, the value of the properties, and the extent of damage sustained." Sucherman v. Metro. Prop. & Cas. Ins. Co., Civil Action Nos. 06-8765, 05-6456, 2007 WL 1484067, at *2 (E.D. La. May 21, 2007); see also Accardo v. Lafayette Ins. Co., Civil Action No. 06-8568, 2007 WL 325368 (E.D. La. Jan. 30, 2007); Rohr v. Metro. Ins. & Cas. Co., Civil Action No. 06-10511, 2007 WL 163037 (E.D. La. Jan. 17, 2007); Bradley v. Nationwide Mut.

4

Ins. Co., Civil Action No. 1:06CV528-LTS-RHW, 2006 WL 2594548 (S.D. Miss. Sept. 6, 2006); Comer v. Nationwide Mut. Ins. Co., No. 1:05 CV 436 LTD RHW, 2006 WL 1066645 (S.D. Miss. Feb. 23, 2006).

In denying joinder of plaintiffs in Comer, Judge Senter of the Southern District of Mississippi described some of the overwhelming factors weighing against aggregation of plaintiffs' claims in one suit:

> 1. Each property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated. No two property owners will have experienced the same losses. The nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in its particulars, depending on the location and condition of the property before the storm struck and depending also on what combination of forces caused the damage. Thus, at least with respect to the issue of damages, each individual claim will require particular evidence to establish the cause of and the extent of the loss.
>
> 2. To the extent the property was insured, the particulars of coverage will vary from policy to policy . . . In order to adjudicate the rights and liabilities between the policy holder and his insurance company, the particular terms of each policy must be considered.

Comer, 2006 WL 1066645, at *2. Here, where the suit before this Court poses a highly analogous set of facts to the Hurricane Katrina cases, the Court finds Judge Senter's reasoning compelling and equally applicable to the claims against FEMA.

Here, plaintiffs have failed to explain why their individual claims should be joined other than that they share two common facts---that they were brought about by Hurricane Sandy and brought against FEMA---and may raise similar theories of law. "The mere existence of common questions of law or fact does not satisfy the same transaction or occurrence requirement." McNaughton v. Merck & Co., No. 04 Civ. 8297(LAP), 2004 WL 5180726, at * 2 (S.D.N.Y. Dec. 17, 2004). Plaintiffs' claims arise under different policies and from damage that is unique to each property. Thus, as in the Katrina cases, the facts relating to each of their claims will be unique

and require the presentation of separate evidence. See Boston Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co., No. 03 Civ. 3923(RCC), 2004 WL 1586429, at * 2 (S.D.N.Y. July 15, 2004) (holding that judicial economy and efficiency not served by jointly trying denial of insurance claims, even where policies identical, because evidence supporting each claim will be distinct). There are no allegations that plaintiffs dealt with the same individuals at FEMA or that their claims were denied for the same stated reasons. Because plaintiffs had distinct damage and individualized interactions with FEMA based on their separate policies, these experiences do not constitute a single transaction or occurrence sufficient for joinder under Rule 20. Cf. Abraham, 2013 WL 2285205, at *4 (finding that plaintiffs' "separate mortgage transactions d[id] not constitute a single transaction or occurrence" and stating "even claims by plaintiffs who engaged in separate loan transactions by the same lender cannot be joined in a single action"). In light of the above considerations, joinder of plaintiffs' claims against FEMA is not appropriate.

## CONCLUSION

For the reasons stated above, plaintiffs do not meet the standard for joinder under Rule 20(a). Accordingly, pursuant to the Court's discretionary authority under Rule 21, all plaintiffs except Joseph Dante and Gusmorino are dismissed, without prejudice, from this case. The dismissed plaintiffs remain free to file independent suits bringing their claims.

SO ORDERED.

                                                    _/s/_____
                                                    Allyne R. Ross
                                                    United States District Judge

Dated:       November 21, 2013
              Brooklyn, New York